IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER LLOYD WHITE,

    Plaintiff,

v.

DE'ANTRE MINNS,

    Defendant.

Civil Action No.: JKB-23-756

## MEMORANDUM OPINION

Pending in this civil rights case is Defendant's Motion to Dismiss the complaint for failure to exhaust administrative remedies. (ECF No. 43.) Plaintiff Christopher Lloyd White, an inmate confined at Roxbury Correctional Institution, was advised of his right to file an opposition to Defendant's motion but has not done so. (ECF No. 44.) Rather, White filed correspondence that does not respond to the Motion to Dismiss but asks this Court to schedule an evidentiary hearing. (ECF No. 45.) White's request for a hearing shall be denied and the Motion to Dismiss will be granted for the reasons stated below.

### I.  Background

White's complaint provides very little detail but concerns his claim that Officer De'Antre Minns assaulted him on February 28, 2023 at Eastern Correctional Institution. (ECF Nos. 1, 5.) He claims Minns put his hands up "like he be trying to harm me" and Minns maced him in his left eye. (ECF No. 5 at 4.) He states that he tried to defend himself when Minns hit him three times. (*Id.*) White claims that he "curled up" when he was punched the second time and that Minns "hit me again with an undercut and then he boofed me." (*Id.*) White states that he did not "let them cuff [him] up" because he believed "they" were going to hurt him again. (*Id.*) He states that

"[t]hey put the bag on [him] and that was it." (*Id.*) White does not explain the circumstances leading up to the alleged assault, nor does he explain what he is referencing when he references "the bag." (*Id.*) He claims his neck was injured as a result of the assault and seeks $950,000 in damages. (*Id.* at 5.)

## II. Standard of Review

In reviewing the complaint in light of a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325–26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III. Analysis

Minns asserts that the complaint must be dismissed for failure to exhaust administrative remedies. (ECF No. 43.) Under the Prison Litigation Reform Act of 1995 ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Inmates must exhaust administrative remedies before they bring any "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion is mandatory and generally may not be excused unless the administrative procedure is not available. *See Ross v. Blake*, 578 U.S. 632, 642 (2016) (holding that "[a]n inmate must exhaust available remedies, but need not exhaust unavailable ones"). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). In *Ross*, the United States Supreme Court identified three circumstances when an administrative remedy is unavailable: an administrative procedure is not available when officers are "unable or consistently unwilling to provide any relief to aggrieved inmates," the procedure is "so opaque that it becomes, practically speaking, incapable of use," or "prison administrators thwart inmates from taking advantage of [filing grievances] through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 643-44. Failure to exhaust administrative remedies is an affirmative defense.

In Maryland prisons, the Administrative Remedy Procedure is the administrative process that must be exhausted before filing suit in federal court. *See* Md. Code Regs. § 12.02.28.02(B)(1). First, a prisoner must file an administrative remedy procedure complaint ("ARP") with the warden within 30 days of the incident at issue. Md. Code Regs. § 12.02.28.05(D)(1) (requiring filing with the "managing official"); Md. Code Regs. § 12.02.28.02(B)(14) (defining "managing official" as "the warden or other individual responsible for management of the correctional facility"); Md. Code Regs. § 12.02.28.09(B) (setting the 30-day deadline). Second, if the ARP is denied, or the inmate does not receive a timely response, a prisoner must file an appeal with the Commissioner

of Correction within 30 days. Md. Code Regs. § 12.02.28.14(B)(5). If the appeal is denied, the prisoner must appeal within 30 days to the Incarcerated Individual Grievance Office, formerly the Inmate Grievance Office. *See* Md. Code. Ann., Corr. Servs. §§ 10-201, 10-206, 10-210; Md. Code Regs. § 12.07.01.05(B).

A "motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, an affirmative defense can be resolved by way of a Rule 12(b)(6) motion "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." *Id.* "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear [ ] on the face of the complaint,'" or in other documents that are proper subjects of consideration under Rule 12(b)(6). *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis in *Goodman*); *see also Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005) ("While it seems unlikely that the failure to exhaust administrative remedies will often be apparent from the face of a complaint, it is certainly possible that a complaint may clearly show that an inmate has not exhausted his administrative remedies.").

Here, Minns asserts that White's failure to exhaust administrative remedies may be discerned from the date of the alleged incident, February 28, 2023, as compared to the date White's complaint was received for filing in this Court: March 16, 2023. White also provided a date beneath his signature, March 10, 2023. The Court agrees. The ten days that elapsed between the date of the alleged assault and the date White filed his complaint with this Court is plainly insufficient for White to have exhausted administrative remedies. Even if White had initiated the process prior to filing his complaint, completing the process would have been impossible within

the ten days that elapsed.[1] Additionally, White has not alleged that administrative remedies were made unavailable to him by the actions of correctional staff. Therefore, the Motion to Dismiss shall be granted and the complaint dismissed without prejudice.

## IV.   Conclusion

By separate Order which follows, Defendant's Motion to Dismiss will be granted and the complaint dismissed without prejudice.

Dated this __3__ day of __Dec.__, 2024.

FOR THE COURT:

_James K. Bredar_
James K. Bredar
United States District Judge

---

[1] Exhausting administrative remedies after a complaint is filed will not save a case from dismissal for failure to exhaust administrative remedies. *See Neal v. Goord*, 267 F.3d 116, 121-22 (2d Cir. 2001). In *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), the court stated: "The plain language of [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court. . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." This Court has consistently recognized this principle. *See, e.g., Kitchen v. Ickes*, 116 F. Supp. 3d 613, 624-25 (D. Md. 2015); *Miller v. McConneha, et al*, JKB-15-1349, 2015 WL 6727547 at *3-4 (D. Md. November 11, 2015); *Wilson v. MCTC Administration*, PWG-21-3094, 2022 WL 14849012 at *6 (D. Md. October 26, 2022); *Leupolu v. Okoluku*, SAG-21-1854, 2022 WL 4017308 at *4 (D. Md. September 1, 2022); *Hand v. Allen*, JKB-20-3119, 2022 WL 137978 at *4 (D. Md. January 14, 2022).